UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ESAIAS TECLE,

    Defendant.

Case No. CR05-157L

ORDER CONTINUING TRIAL DATE

This matter comes before the Court on the parties' "Stipulated Motion to Continue Trial" (Dkt. # 26). The trial in this case is currently scheduled for September 12, 2005. According to the stipulated motion, the parties are in the process of negotiating a plea agreement and require additional time to reach a resolution. Defendant has recently given the government a safety valve proffer and the parties believe this case will be resolved by a plea agreement prior to trial. In addition, counsel for defendant has indicated that he will be unavailable due to vacation from September 9, 2005 through September 23, 2005. The parties request that the trial be continued until October 17, 2005. Defendant has filed a "Waiver of Right to Speedy Trial" (Dkt. # 27), in which he indicates that he is aware of the provisions of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (the "Act"), and waives his rights under the Act.

Although the ongoing plea negotiations do not, in themselves, warrant an ends of justice continuance, see, e.g., U.S. v. Perez-Reveles, 715 F.2d 1348, 1352 (9th Cir. 1983), granting a

ORDER CONTINUING TRIAL
DATE      1

continuance is appropriate where the failure to do so "would unreasonably deny the defendant or the Government continuity of counsel." 18 U.S.C. § 3161(h)(8)(B)(iv). In order to grant a continuance based on the need for continuity of counsel, however, the Court must find that there is "some substance to the prior attorney-client relationship." U.S. v. Lloyd, 125 F.3d 1263, 1270 (9th Cir. 1997). Defense counsel began representing defendant on May 4, 2005, roughly two weeks after his indictment. The record indicates that defense counsel and defendant have maintained a working relationship that has culminated in what appear to be fruitful plea negotiations. Under the circumstances, the Court finds that the attorney-client relationship is substantial enough that refusing to grant the continuance would unreasonably deny defendant continuity of counsel.

The stipulated motion also notes that defendant executed a speedy trial waiver. In that waiver, defendant agrees to "waive the provisions" of the Act. This waiver is of limited value since a defendant may not waive his statutory speedy trial rights under these circumstances. See, e.g., U.S. v. Berberian, 851 F.2d 236, 239 (9th Cir. 1988) ("The parties cannot stipulate to a waiver of the protections of the Speedy Trial Act") (citing U.S. v. Pringle, 751 F.2d 419, 433-34 (1st Cir. 1984)). Even though a defendant may not waive his rights, submissions by defendants in support of a continuance are still quite useful to the Court. Whether or not it is described as a "waiver," a statement by defendant that shows that he consents to the continuance and understands the factual basis for the continuance helps the Court identify the reasons why an ends of justice continuance may be appropriate. See U.S. v. Shetty, 130 F.3d 1324, 1330 (9th Cir. 1997). Here, although defendant's waiver makes it clear that the provisions of the Act have been explained to him, it does not indicate that defendant was informed of the factual basis underlying the requested continuance.

Despite the infirmities in defendant's waiver, the Court finds that (1) the ends of justice outweigh the best interests of the public and the defendant in a speedy trial, and (2) failure to grant the continuance would unreasonably deny defendant continuity of counsel. Having

ORDER CONTINUING TRIAL
DATE                                              2

1  considered the stipulated motion, defendant's waiver, and all of the relevant documents and files
2  in this case, the Stipulated Motion to Continue Trial (Dkt. # 26) is GRANTED.
3       IT IS HEREBY ORDERED that the trial date is continued from September 12, 2005 to
4  October 24, 2005.  Contingent upon defendant's submission of a written acknowledgment, as
5  described below, the period of time from the date of this order to the new trial date is excluded
6  in the computation of time under the Act.  See 18 U.S.C. § 3161(h).
7       IT IS FURTHER ORDERED that within two weeks of the date of this Order, defendant
8  must submit a written acknowledgment that defendant understands the reasons for, and consents
9  to, the continuance.

11       DATED this 8th day of August, 2005.

             *[signature]*
             Robert S. Lasnik
             United States District Judge

ORDER CONTINUING TRIAL
DATE                                        3